IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2007 Session

**STATE OF TENNESSEE v. GERRY LYNN HENSLEY**

**Appeal from the Humboldt Law (Circuit) Court for Gibson County**
**No. H 8137     Clayburn Peeples, Judge**

---

**No. W2007-00878-CCA-R3-CD  - Filed June 18, 2008**

---

The Appellant, Gerry Lynn Hensley, appeals the sentencing decision of the Humboldt Law Court of Gibson County.  Hensley pled guilty to two counts of Class B vehicular homicide by reason of intoxication and was subsequently sentenced by the trial court to concurrent eight-year sentences as a Range I standard offender.  On appeal, Hensley raises the following challenges to the imposed sentences: (1) whether the trial court erred in considering an enhancement factor when no notice was provided by the State of its intent to rely upon such factor as required by local rules; (2) whether the court erred in considering dismissed charges in applying the enhancement factor of a prior criminal history; (3) whether the court erred in failing to specifically identify the mitigating and enhancing factors found and in failing to apply other certain mitigating factors which Hensley argues are applicable; (4) whether the court erred in not sentencing Hensley as an especially mitigated offender; and (5) whether the court erred in denying an alternative sentence.  Following review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, SR.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Barbara Hobock and Cynthia Chandler-Snell, Humboldt, Tennessee, for the Appellant, Gerry Lynn Hensley.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel, Attorney General's Office; and Garry Brown, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On January 22, 2006, the Appellant was involved in a motor vehicle collision which claimed the lives of Donald Woods and Davis Shaw. The Appellant was also seriously injured as a result of the impact. The proof established that the Appellant was the driver of a 1994 Dodge Dakota which crossed a grass median on a four-lane, divided highway and struck the vehicle being driven by Woods and occupied by Shaw. At the time of the impact, the Appellant had a blood alcohol content of .10 percent. On April 11, 2006, a Gibson County grand jury returned a three-count indictment charging the Appellant with two counts of Class B vehicular homicide by reason of driver intoxication and one count of DUI. On March 26, 2007, the Appellant entered "open" guilty pleas to two counts of vehicular homicide, and the DUI charge was dismissed. Prior to entering the plea, the Appellant filed a Sentencing Memorandum with the court outlining several mitigating factors, which he believed were applicable, and requested that he be sentenced as a mitigated offender. Moreover, he requested that he be given an alternative sentence. No notice of intent to rely upon any enhancement factor was filed by the State prior to the sentencing hearing.

At the sentencing hearing, various members of the victims' families testified regarding the impact of the victims' deaths on the respective families. Additionally, the Appellant called several character witnesses and testified in his own behalf. The twenty-six-year-old Appellant and his wife each testified that at the time of the crimes they were separated and that it was not typical for the Appellant to consume alcohol. The wife testified that she and the Appellant have three children, ages six, four, and seven months, and that the Appellant was the primary provider for the family. Reverend Clyde Rose testified that the Appellant had been a member of his church and a friend for six years. According to Rose, the Appellant and his family sought counseling after the incident, and the Appellant was extremely remorseful regarding his actions. The Appellant was the final witness and testified that he had no recollection of the collision or the events immediately prior thereto. After the collision, the Appellant spent three weeks in the hospital, two weeks of which he remained unconscious.

The pre-sentence report was also admitted into evidence. In the "prior record" section, the report indicates that the Appellant has two prior convictions for "failure to use safety belt/child restraint" violations. In addition, the pre-sentence report reflects ten prior charges for traffic offenses, which were either dismissed, diverted, or for which a forfeiture was entered. The Appellant acknowledged that his driving record was not perfect but stated he could not remember "exactly what I have on my record." He specifically stated that, while he did not remember each violation, "if it's on my record I guess I did" it. Moreover, he acknowledged that at the time of the vehicular homicides, his driver's license had been expired for four months.

After hearing the evidence presented and the arguments of counsel, the trial court sentenced the Appellant, as a Range I standard offender, to concurrent sentences of eight years in the Department of Correction for each Class B felony conviction. The Appellant appeals that sentencing decision.

**Analysis**

On appeal, the Appellant has raised five sentencing issues for our review: (1) whether the court erred in considering an enhancement factor when no notice was provided by the State of its intent to rely upon such factor as required by local rules; (2) whether the court erred in considering dismissed charges in applying the enhancement factor of a prior criminal history; (3) whether the court erred in failing to specifically identify the mitigating and enhancing factors found and in failing to apply other mitigating factors which the Appellant argues are applicable; (4) whether the court erred in not sentencing the Appellant as an especially mitigated offender; and (5) whether the court erred in denying an alternative sentence, specifically probation. When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000). The party challenging a sentence bears the burden of establishing that the sentence is erroneous. T.C.A.§ 40-35-401(d), Sentencing Comm'n Comments.

## I.  Failure to Give Notice of Intent to Rely upon Enhancement Factors

First, the Appellant contends that the trial court erred by considering an enhancement factor when the State failed to provide notice to the Appellant of its intent to rely upon enhancement factors as required by local rule. It is not disputed that the State did not provide notice of its intent to argue application of enhancement factors at the sentencing hearing. At the hearing, in response to the objection proffered by defense counsel, the State responded: "Well, as you know, Judge, the law doesn't require us to file those enhancements factors in writing. Those are in the law and those are things that the Judge is required to consider . . . . They're not binding as they once were but they are advisory." The court, without reference to the local rule requirement, responded that "the General is correct about the state of the law."

Tennessee Code Annotated section 40-35-202(b) (2006) states that in every case, following a finding of guilt, a court may require that "[t]he district attorney general file a statement with the court setting forth any enhancement or mitigating factors the district attorney general believes should be considered by the court[.]" Moreover, Local Rules of Practice for the Circuit Court of the Twenty-Eighth Judicial District of Tennessee, Rule 51 provides that:

> The parties shall file written statements setting forth any enhancement or mitigating factors that the parties believe should be considered by the court at least five (5) calender days prior to the date of any sentencing hearing (T.C.A. § 40-35-202). The requirements of the law regarding sentencing hearings and considerations will be strictly adhered to. This rule may be modified in individual cases if the interests of justice so require.

In *Wood v. Wood*, 238 S.W.3d 747 (Tenn. Ct. App. 2007), the Tennessee Court of Appeals reaffirmed the principle stated in *Killinger v. Perry*, 620 S.W.2d 525 (Tenn. Ct. App. 1981), that a trial court has the authority to make its own local rules and ability to waive or abolish them if it chooses. The court stated:

> The Trial Court has authority to make its own rules and accordingly may waive or abolish them if it chooses. This Court will not reverse a Trial Judge for waiving a local rule absent the clearest showing of an abuse of discretion and that such waiver was the clear cause of a miscarriage of justice.

*Wood*, 238 S.W.2d at 760 (quoting *Killinger*, 620 S.W.2d at 525).

In his argument, the Appellant acknowledges the court's ability to waive a local rule, but he asserts that the "miscarriage of justice" language means that a rule cannot be waived if an injury results to a defendant. According to the Appellant, injury resulted in this case because application of the enhancement factors precluded him from being classified as a mitigated offender and affected his eligibility for alternative sentencing. He asserts that, had he had notice, he could have had the dismissed prior charges expunged from the record, as provided by statute.

The Appellant was provided a copy of the pre-sentence report, which clearly gave notice of the two seatbelt violations. Moreover, the Appellant admitted driving on an expired license on the date the vehicular homicides occurred. Finally, as argued by the State, the general statutes governing this issue only require notice when the State believes that a defendant should be sentenced as a multiple, persistent, or career offender. *See* T.C.A. § 40-35-202; *see also State v. Billy Gene Earnest*, No. 01C001-9412-CR-00434 (Tenn. Crim. App. at Nashville, Feb. 13, 1996). As such, we find no abuse of discretion in the trial court's waiver of the local rule, especially as the rule itself allows for modification in the interest of justice.[1]

## II. Consideration of Dismissed Charges

Next, the Appellant contends that the trial court erred by considering, for enhancement purposes, charged traffic offenses, which were later dismissed or disposed of by means other than an adjudication of guilt. The following information is contained in the criminal history section of the pre-sentence report:

3-20-00 Speeding #00C-407 Trenton City 5-18-00 Forfeit & Diversion

8-3-03 Violation of Registration Law #03C-629 Trenton City 8-23-03 Dismissed

---

[1] Although the record does not clearly reflect waiver of the rule, it may be inferred from the trial court's decision to allow the State to argue application of enhancement factors when no written notice was filed. Regardless, it has been held that express waiver by the trial court is not required. *See Opal Bates Crumbley v. Cecil Eugene Crumbley*, No. M1998-00158-COA-R3-CV (Tenn. Ct. App. at Jackson, Nov. 10, 1999).

2-5-03 Violation of Registration Law #-3T-0449 Gibson County General Sessions

4-3-03 Dismissed

2-5-03 No Insurance #-3T-0450 Gibson County General Sessions 4-3-03 Dismissed

12-12-03 MVE Light Law #03T-3602 Gibson County General Sessions 4-15-04 Have Proof, Can't Find

7-6-98 Reckless Driving #98T-2007 Gibson County General Sessions 10-26-98 Dismissed

7-6-98 Leaving Scene of Accident #98T-2008 Gibson County General Sessions 9-11-98 Dismissed

3-8-01 Speeding #131129 Milan City 4-16-01 Dismissed on Driver Safety School

5-22-00 Speeding #2000-02087 Humboldt City 6-29-00 Dismissed Upon Attending DSS, Did Attend 9-12-00

10-30-01 Speeding #2001-03955 Humboldt City 11-29-01 Dismissed Upon Attending Dss, Did Attend 12-4-01

The trial court, in sentencing the Appellant, noted his "extensive involvement with the traffic laws - - traffic courts." On appeal, the Appellant asserts that it was error to consider these charges which were dismissed in applying enhancement factor (1), prior criminal history. *See* § 40-35-114(1) (2006). The State argues that consideration was appropriate because the Appellant had notice of the charges contained in the pre-sentence report and that the current charges arose from the unlawful operation of a vehicle. We disagree. Consideration of the Appellant's traffic offenses, which were either dismissed, diverted, or in which a forfeiture was entered, was error. *See State v. Terry A. Rogier*, No. W2001-00551-CCA-R9-CD (Tenn. Crim. App. at Jackson, Sept. 19, 2001). Moreover, despite the State's argument to the contrary, the Appellant's comment that he "guess[ed] [he] did it" if it was on his record is insufficient proof to establish a conviction.

Nonetheless, even absent consideration of the dismissed charges, there was sufficient evidence to apply the enhancement factor of prior criminal history. The record reflects that the Appellant's criminal conduct in this case occurred subsequent to the enactment of the June 7, 2005 amendments to the Sentencing Act. The 2005 Amendment deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered application of the factors merely advisory and non-binding in the sentencing determination. T.C.A. § 40-35-210(c) (2006); *see also State v. Stacey Joe Carter*, No. M2005-02784-SC-R11-CD (Tenn., May 19, 2008). For these reasons, we conclude that any error in the trial court's consideration of the dismissed charges does not require reversal of the sentencing decision.

## III. Enhancement/Mitigating Factors

Next, the Appellant contends that "the trial court erred in failing to specifically list the mitigating and enhancement factors considered when ordering the sentence for the [Appellant], and in failing to find additional mitigating factors." According to the Appellant, the trial court failed to "articulate how the mitigating and enhancement factors [were] evaluated and balanced in determining the sentence." He further asserts that the "presumption that the trial court's weighing of enhancement and mitigating factors was correct is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." We construe this argument as a challenge to the trial court's failure to properly weigh the enhancement factor found applicable and to apply the requisite mitigating factors. Specifically, he contends that the court failed to mitigate the Appellant's sentence based upon the Appellant's remorse, his unlikeliness of a sustained intent to violate the law, and his existing social ties and responsibilities.

First, we would observe that the 2005 amendments to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered application of the factors merely advisory and non-binding in the sentencing determination. *See* T.C.A. § 40-35-401(b)(1), (2). Second, the Appellant received the minimum sentence within the range for both Class B felony convictions. In pronouncing the sentences, the trial court stated:

> I believe I'm required by law to presume that the minimum sentence is the correct sentence in this case. That sentence is eight years in the State Penitentiary. I look to determine whether or not then there are either enhancing factors or mitigating factors that would preclude that from being the correct sentence. In this case I find that the [Appellant] - - I've literally got a stack of testimonials of almost a-half an inch thick from good people who are his neighbors and friends and family members, all attesting to the fact that he is a good citizen. On the other hand, I have an incredibly tragic result - - the death of two people - - caused by his intentional act. . . . I do not find any statutory authority to raise the sentence from eight years.

Contrary to the Appellant's argument, the court considered the mitigation proof placed into evidence, as well as the evidence of enhancement argued by the State. Under existing law, those factors are merely advisory. The record demonstrates that the trial court considered the required principals of sentencing, and, as such, we may not disturb the sentence imposed, which we note again was the minimum sentence within the range.

## IV. Especially Mitigated Offender Status

The Appellant further argues that the trial court erred in sentencing him as a Range I, standard offender rather than an as an especially mitigated offender. A trial judge may find a defendant to be an especially mitigated offender if the defendant has no prior felony convictions and if the court finds mitigating but no enhancement factors. T.C.A. § 40-35-109 (2006). This provision

is not mandatory but, rather, is discretionary. *State v. Braden*, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993); T.C.A. § 40-35-109, Sentencing Comm'n Comments. Whether a defendant is to be sentenced as an especially mitigated offender is a determination that rests within the sound discretion of the trial court. *State v. Hicks*, 868 S.W.2d 729, 729-31 (Tenn. Crim. App. 1993). It has been noted that finding a defendant to be an especially mitigated offender is reserved for "instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." T.C.A. § 40-35-109, Sentencing Comm'n Comments. As an especially mitigated offender, a defendant is entitled to have his Range I minimum sentence reduced by ten percent. *See* Tenn. Code Ann. § 40-35-109(b).

In denying the Appellant's request to be sentenced as an especially mitigated offender, the trial court found as follows:

> We begin by evaluating the [Appellant] in terms of what category he should be placed for sentencing purposes. The [Appellant] asked through his attorney to be considered a mitigated offender. The State asks that he be considered a standard offender. As I understand the law a mitigated offender is a person who has no previous felony conviction and who has no enhancing factors in his - - in the situation of the crime at hand. I'm really - - I've really struggled with trying to determine whether or not that is the case. It's very clear that the [Appellant] is a good person. It's very clear that the [Appellant] is a loving family man and before this accident was a hardworking person, but the record shows that - - I don't know what you'd call it because of the lower Court's policies of letting people buy their way out of traffic offenses, but it shows an extensive involvement with the traffic laws - -  traffic courts. He was driving without a license at the time this happened. I think his record shows a disregard for the traffic laws. Of course, we don't know specifically what happened, but that disregard ultimately caused the tragedy that brings us here today. So I don't think I can - - I don't think I can classify him as a mitigated offender. I think we have to call him a standard offender.

On appeal, the Appellant's argument is prefaced upon his assertion that there were no applicable enhancement factors, *see supra*, and that the court failed to apply mitigating evidence. Having already concluded that, based upon the applicable law, there was no error, in the court's application of enhancement factor (1) or the weight assigned to the mitigation evidence presented, the Appellant is precluded from eligibility to be classified as an especially mitigated offender. *See id.*

## V.  Alternative Sentencing

Finally, the Appellant contends that the trial court erred in ordering that his concurrent sentences of eight years be served in confinement. According to the Appellant, the court erred in denying an alternative sentence, specifically probation, based upon the court's finding of the need for general deterrence, which was not supported by evidence in the record. *See State v. Hooper*, 29

S.W.3d 1 (Tenn. 2000). Moreover, he contends that the court failed to consider testimony by the Appellant as to why incarceration was not necessary.

Because the Appellant in this case was convicted of two Class B felonies, he bears the burden of establishing his entitlement to an alternative sentence. *See* T.C.A. § 40-35-102(6) (2006). Nonetheless, the Appellant remains eligible for an alternative sentence because his sentences were ten years or less and the offenses for which he was convicted are not specifically excluded by statute. T.C.A. §§ 40-35-102(6), -303(a) (2006). However, the 2005 sentencing amendments to the sentencing act deleted the sentencing provision granting a defendant a presumptive entitlement to an alternative sentence. Under the 2005 amendment, a Range I offender "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Evidence to the contrary may be established by showing that: (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby,* 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); *State v. Boston,* 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); *Boston,* 938 S.W.2d at 438.

The Appellant is required to establish his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); T.C.A. § 40-35-303(b). A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 29 S.W.3d 1, 9-10 (Tenn. 2000)). Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

In ordering that the Appellant's sentences be served in confinement, the trial court found as follows:

> . . . if you look back over the history of the law of the State of Tennessee regarding people killed by intoxicated drivers, you go back to a time 50 years ago when there was no such law and at some point people starting charging intoxicated drivers with second degree murder because of the recklessness of their actions, and slowly but surely the law evolved into the point where vehicular homicide became a separate crime. For many years it was a Class C felony, but only in recent times the Legislature has again addressed this subject and changed the law so that it's now a B felony, and that shocks many people when they find that a crime that is not

-8-

intentional in terms of result could result in such an extreme offense. But that is the law in the State of Tennessee and it is recent law. It's not something that was enacted a hundred years ago and has lost pace with the times. It is what our modern Legislature has decreed.

. . . .

. . . I have an incredibly tragic result - - the death of two people - - caused by [the Appellant's] intentional act. I do believe that the need for general deterrence is great when it comes to offenses regarding driving. I do believe that people who drive while intoxicated which included according to many studies about half of all people who drink which includes according to the same studies about half of the people in the country, most people, not all, but most people who drink and drive are the kind of people who consider their actions - - who consider the consequences of their actions. And so I believe that this is, in fact, the crime in which general deterrence is a legitimate aim of punishment. I also think that any time a life is taken as a result of a criminal action the Court has to be extremely careful to avoid deprecating or depreciating the seriousness of the offense. I do not find any statutory authority to raise the sentence from eight years. I do not find in the circumstances of this case any justification to order that that sentence be served in any way other than the traditional way.

As noted, on appeal, the Appellant argues that the trial court erred in denying alternative sentencing based upon his finding of deterrence, which was not supported by proof in the record. We agree with the Appellant that the State failed to introduce proof regarding this issue and that the court improperly relied upon evidence which was not introduced in reaching its conclusion that deterrence was supported. Our supreme court has repeatedly held that "the record must contain proof of the need for deterrence before a defendant, who is otherwise eligible for probation or other alternative sentence, may be incarcerated." *Hooper*, 29 S.W.3d at 9. Although the statute "does not require proof that incarceration 'will' or 'should' deter others from committing similar crimes," the record must demonstrated that "confinement [is] 'particularly suited' to provide a deterrent effect." *Id*. After concluding that "trial courts should be given considerate latitude in determining whether a need for deterrence exists and whether incarceration appropriately addresses that need," our supreme court ruled that a reviewing court

will presume that a trial court's decision to incarcerate a defendant based on a need for deterrence is correct so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes.

*Id*. at 10.

While we would agree with the Appellant that the State failed to introduce evidence regarding deterrence and the court considered evidence of deterrence from its own personal knowledge, the Appellant's argument fails to recognize that *Hooper* addresses the issue of whether deterrence *alone* may support a denial of alternative sentencing and articulates the criteria for such circumstances. *See State v. Trotter and Sheriff*, 201 S.W.3d 651 (Tenn. 2006). Here, however, as noted by the State, and evidenced in the trial court's findings, the court also based the denial on the seriousness of the offense and the need to avoid depreciating the seriousness of the offense.

If the seriousness of the offense forms the basis for the denial of alternative sentencing, Tennessee courts have held that "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence of confinement." *State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997) (citing *State v. Bingham*, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995); *State v. Hartley*, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)).

Review reveals that the trial court properly considered the required principles of sentencing and that the record supports a sentence of confinement in this case. The court considered the letters submitted on behalf of the Appellant and noted that he was a good citizen, a loving family man, and a hard worker. Nonetheless, the court balanced the positive factors against the fact that two people were killed "by [the Appellant's] intentional act," and two families were destroyed based upon that act. We conclude that the circumstances of the offense are reprehensible and the tragic loss of two lives are, without question, excessive. Based upon these facts, we are unable to conclude that the Appellant met his burden of establishing his suitability for probation in this case.

## CONCLUSION

Based upon the foregoing, the Appellant's concurrent sentences of eight years in the Department of Correction as a Range 1 offender are affirmed.

_____
DAVID G. HAYES, SENIOR JUDGE

-10-