John KILLINGER and Anne Killinger,
Plaintiffs-Appellees,

v.

Patricia PERRY, Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section, at Nashville.

June 9, 1981.

Application for Permission to Appeal
Denied by Supreme Court
August 24, 1981.

Mark A. Schneider, Nashville, for defendant-appellant.

Richard D. Speight, Nashville, for plaintiffs-appellees.

NEARN, Judge.

A jury verdict was rendered against defendant Patricia Perry in the amount of $7,000.00 and defendant's motion for a new trial was overruled. From the order overruling the motion for a new trial defendant appeals to this Court with the single issue, viz:

"Did the trial court commit error by overruling the objection of defense counsel to the introduction of collective Exhibit No. 24 to the testimony of the Plaintiff, Anne Killinger, when these documents had not been exhibited to the defense prior to trial as required by the local rules?"

In effect, appellant charges the Trial Court with error in waiving its own local rule.

Local Rule 22 of the Courts of Davidson County provides that 72 hours prior to the trial counsel shall furnish or make available to opposing counsel copies of exhibits which are proposed to be offered in evidence.

However, Local Rule 3.01 provides: "Whenever a Judge determines that justice requires it, he may suspend any of these Rules."

In this case the Trial Judge suspended the applicability of Rule 22 to the plaintiff and allowed plaintiff to introduce copies of cancelled checks and receipts which supported testimony already given regarding funds expended to repair damage caused by defendant.

The Trial Court has authority to make its own rules and accordingly may waive or abolish them if it chooses. This Court will not reverse a Trial Judge for waiving a local rule absent the clearest showing of an abuse of discretion and that such waiver was the clear cause of a miscarriage of justice.

This record fails to show any abuse of discretion and completely fails to show that justice has miscarried.

We deem it unnecessary to expend further judicial energy in the resolution of this appeal other than to say that from the record we can perceive no injury to the

appellant from the action of the Trial Court and affirm the judgment below with costs of appeal adjudged against appellant and surety.

Done at Nashville in the two hundred and fifth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

SUMMERS and TOMLIN, JJ., concur.