# FILED

**November 10, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**
**IN THE COURT OF APPEALS OF TENNESSEE**
**AT JACKSON**

| | |
|---|---|
| **OPAL BATES CRUMBLEY,** | **)** |
| | **)** |
| | **)** |
| Plaintiff/Appellee, | **)**  **Franklin Chancery No. 14,686** |
| | **)** |
| VS. | **)**  **Appeal No. M1998-00158-COA-R3-CV** |
| | **)** |
| **CECIL EUGENE CRUMBLEY,** | **)** |
| | **)** |
| | **)** |
| Defendant/Appellant. | **)** |

APPEAL FROM THE CHANCERY COURT OF FRANKLIN COUNTY
AT WINCHESTER, TENNESSEE
THE HONORABLE JEFFREY F. STEWART, CHANCELLOR

**VICKI FREY-FOWLKES**
**RUSSELL L. LEONARD**
Winchester, Tennessee
Attorneys for Appellants

**PAT M. FRALEY**
Fayetteville, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

In this divorce action, Cecil Eugene Crumbley appeals from the Chancery Court of Franklin County, which entered a final decree of divorce ending the marriage between the parties and dividing all property. Based on the issues before this court, we affirm the decision of the trial court.

## I. Facts and Procedural History

Cecil Crumbley ("Appellant") and Opal Bates Crumbley ("Appellee") were married in July of 1987. At the time of the marriage, appellant was sixty-three (63) years old, and appellee was sixty-six (66) years old. This was the second marriage for both individuals as their previous marriages were ended by the death of their respective spouses. The parties resided together in the marital household, apparently without incident, until January 1996. Appellee filed a complaint for divorce on January 26, 1996 alleging, *inter alia*, inappropriate marital conduct. The complaint also sought a restraining order against the appellant due to allegations of verbal and physical abuse.[1] Appellant filed an answer and counter-claim in which he sought an equitable distribution of property and a divorce on the grounds of inappropriate marital conduct.

On June 26, 1996, an order was entered regarding certain property belonging to appellee that was in the possession of the appellant. The order stated that the listed

property was to be immediately returned to the appellee, and authorized the officers of the Franklin County Sheriff's Department to escort the appellee to the marital residence in order to retrieve the property. Also, the order of June 26th made permanent the previously granted temporary restraining order.

The property was not returned and appellee filed an application for a show-cause order. The application was granted on July 5, 1996, and a hearing was scheduled for July 12, 1996 before the chancellor. In a curious turn of events, appellant's attorney filed a motion to withdraw on July 10, 1996. The motion requested that a hearing be scheduled contemporaneously with the hearing on the show cause order.

At the hearing on the show cause order, the appellant was restrained in the courtroom while the appellee went to the marital residence to remove her personal property. The trial court also ordered the appellant to pay appellee's attorney fees. Apparently, the trial court did not address the attorney's motion to withdraw.

The final divorce decree was entered on May 30, 1997. After the entry of the final divorce decree, appellant, through new counsel, filed a motion to rehear the case. On the same date that the motion to rehear was filed, appellant's prior attorney was officially allowed to withdraw and Ms. Fowlkes, present counsel, was substituted. The motion to rehear alleged that appellant had not been effectively represented by his attorney. He alleged that he did not agree with the division of marital property and had attempted to explain this to his attorney, Mr. Peters. He also alleged that the trial court erred in the division of marital property because the court did not have all relevant information. Specifically, appellant alleged that his attorney failed to file an itemized list of marital and separate property, required by local rules, which would have allowed the court to make a more equitable distribution of the marital assets.

The trial court, by order of June 1, 1998, refused to grant a new trial finding that there was no new evidence to consider nor was appellant improperly or inadequately represented at trial. This appeal followed and the parties appear to agree that the following issues are before this court: 1) whether the trial court erred in failing to require appellant's attorney to provide an itemized list of separate and marital property and 2) whether the trial court erred in the division of property between the parties.[2]

## II. Law and Analysis

Appellant first takes issue with the trial court's failure to mandate adherence to its local rules. The specific rules in this case were 17.02 and 17.03 for the Twelfth Judicial District of the State of Tennessee, which require submission by counsel for both parties an itemized listing of both separate and marital property. In the present case, appellant's attorney failed to submit these documents and the trial court did not require such a submission prior to entering the final divorce decree.[3] While the failure of appellant's attorney to comply with the local rule may be a deficiency in his performance as attorney, the failure of the trial court to affirmatively enforce the local rules does not give rise to reversible error.

Rule 18 of the Tennessee Rules of the Supreme Court requires all trial courts to adopt, in writing, local rules prescribing procedures for setting cases for trial, obtaining continuances, disposition of pre-trial motions, settlement or plea bargaining deadlines for criminal cases, and preparation, submission and entry of orders and judgments. Sup. Ct. Rule 18 (local rules of practice). In addition, trial courts may adopt "other rules not inconsistent with the Rules of Civil Procedure and Rules of Criminal Procedure." To that end, the Twelfth Judicial District adopted local rules applicable to divorce proceedings. See 12th Judicial Circuit Rules 17.02, 17.03.

We are faced with the dual questions of what effect local rules have, and who bears the ultimate responsibility for compliance with the rules. It is within the discretion of the trial court to suspend the operation of local rules. In Killinger v. Perry, 620 S.W.2d 525 (Tenn. Ct. App. 1981), the Court of Appeals considered a trial court's ability to waive or abolish a local rule. The court stated:

> The Trial Court has authority to make its own rules and accordingly may waive or abolish them if it chooses. This Court will not reverse a Trial Judge for waiving a local rule absent the clearest showing of an abuse of discretion and that such waiver was the clear cause of a miscarriage of justice.

Killinger, 620 S.W.2d at 525. The court found no abuse of discretion or miscarriage of justice in the trial court's overruling the objection of defense counsel to the introduction of certain exhibits when these documents had not been exhibited to the defense prior to trial as required by the local rules. It is not clear in the present case that the local rules were waived by the trial court, although waiver may be inferred from the fact the trial court entered the final divorce decree without requiring appellant to conform with the local rules. In any event, we do not believe that express waiver by the trial court was required.

In the present case, appellant recognizes that it was his own attorney who failed to comply with the local rules. He argues, however, that the trial court's failure to mandate or force compliance with the local rules resulted in a "gross miscarriage of justice." We find this line of reasoning untenable. Any failure in this case is the fault of the appellant, or the appellant's first attorney. The burden of complying with rules and protecting the interests of a client rests squarely on the attorney. If any remedy is available to appellant, the present issue on appeal is not the avenue to that remedy. We find no error in the trial court's refusal to enforce compliance with the applicable local rules.

Appellant also claims error in the trial court's division of the marital property.[4] First, he claims that the trial court failed to distinguish between marital property and separate

property, which allegedly resulted in much of appellant's separate property being awarded to the appellee. Additionally, appellant claims that the property division was not equitable.

It is incumbent upon the trial court first to classify the parties' property as either separate or marital before making an equitable division of the marital estate. Watters v. Watters, 959 S.W.2d 585, 588 (Tenn. Ct. App. 1997) (citing Wade v. Wade, 897 S.W.2d 702, 713 (Tenn. Ct. App. 1994); Batson v. Batson, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). In the context of the present appeal, the question is whether the trial court undertook to classify the property belonging to the parties.

In the Final Divorce Decree, several references are made to "marital property" and "personal property." It may be true that the classifications were made on the basis of the itemized lists submitted by the appellee, without the benefit of countervailing documents on behalf of the appellant. However, appellant had the opportunity to file documents and present evidence. The order entered by the trial court speaks in terms of marital property and personal property. Absent any evidence to the contrary, we assume that the trial court did, in fact, classify the property correctly.

Appellant's final assertion is that the trial court failed to make an equitable division of property. Our divorce statutes require an equitable division of the marital estate without regard to fault. Tenn. Code Ann. § 36-4-121(a). To this end, the trial court is granted broad discretion in adjusting and adjudicating the parties' interest in all jointly owned property. Watters, 959 S.W.2d at 590 (citing Batson, 769 S.W.2d at 859). Its decision regarding division of the marital property is entitled to great weight on appeal. It is well established that the trial court's division of the marital estate need not be equal to be equitable. Wade, 897 S.W.2d at 717. Generally, the fairness of the property division is judged upon its final results.

We note that the trial court made the division of property on the basis of evidence which the court had before it. The trial court did not have access to information which the appellant has submitted to this court. Essentially, appellant asks us to revisit the question of whether it was error for the trial court to divide the marital property without having appellant's itemized lists of marital and separate property. Again, we point out that the failure of appellant's attorney to comply with the local rules and provide the trial court with the itemized lists cannot be remedied on appeal to this court. Considering the deference we must afford the trial court in this regard, we find no error in the trial court's division of property.

### III. Conclusion

For the foregoing reasons, we affirm the decision of the trial court in all respects. Costs of this appeal are taxed to the appellant, for which execution may issue if necessary.

_____  HIGHERS, J.

CONCUR:

_____

FARMER, J.

_____

LILLARD, J.