

**FILED**

May 18, 2015

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:00 PM**



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Employee:  Admir Hadzic ) Docket No.  2014-02-0064

)

Employer: Averitt Express ) State File No.  98848-2014


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Admir Hadzic | | X | | | X | adohadzic@yahoo.com<br>203 Clearview St.<br>Johnson City, TN 37615 |
| Michael Forrester | | | | | X | forrest@hsdlaw.com |
| Brian Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

May 18, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:00 PM



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Admir Hadzic ) | Docket No. 2014-02-0064 |
| ) | |
| Employer: Averitt Express ) | State File No. 98848-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

---

**Vacated and Remanded – Filed May 18, 2015**

---

# OPINION VACATING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves a truck driver who claims to have injured his neck, arm, chest, and back attempting to place his personal cooler containing food inside his work truck. The employer refused to provide benefits on the basis that the employee failed to show he suffered a work-related injury. Following an expedited hearing, the trial court denied the employee's request for medical and temporary disability benefits based on a finding that the evidence was insufficient to award such benefits. The trial court also determined that it was unnecessary for the employee to file an affidavit in support of his request for an expedited hearing because the employee testified at the hearing. The employee has appealed. Having carefully reviewed the record, we vacate the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner, joined.

1

Admir Hadzic, Johnson City, Tennessee, employee-appellant, pro se

Michael Forrester, Kingsport, Tennessee, for the employer-appellee, Averitt Express

## Factual and Procedural Background

Admir Hadzic ("Employee"), a resident of Washington County, Tennessee, was employed by Averitt Express ("Employer") as a truck driver when he claims to have suffered injuries while lifting his personal cooler containing food into his work truck.[1] Specifically, Employee alleged that he injured his neck, arm, chest, and low back while attempting to place his cooler in his truck on December 8, 2014, in Putnam County, Tennessee. He previously filed a petition for benefit determination claiming injuries to his back, shoulder, arm, and neck while working with the landing gear on a truck or trailer on July 2, 2014.[2] He received authorized medical care and was released to return to work with no restrictions following the July 2, 2014 incident.

According to the trial court's order, Employee was dissatisfied with Employer's handling of his earlier claim, and he filed the current petition for benefit determination on December 15, 2014, seeking medical and temporary disability benefits for the injuries arising from the incident involving the cooler. The trial court's order reflects that Employer dispatched Employee to deliver a load on December 8, 2014 and, in preparation for the assignment, Employee packed a cooler with food at his home. The cooler weighed approximately sixty pounds, and Employee's daughter placed it in his personal vehicle. Upon arriving at Employer's facility, Employee lifted the cooler out of his personal vehicle and attempted to place it in his work truck when the alleged injuries occurred. He received authorized medical care that revealed no acute injuries. Employer denied the claim on the basis that Employee did not suffer an injury arising out of and in the course and scope of his employment.

At the expedited hearing, Employee acknowledged that he was not required to bring a cooler with food to work, but did so because he believed it helped him make deliveries on time and that it would be helpful in an emergency. He also asserted that he had not recovered from his July 2014 injuries when the cooler incident occurred. Employer responded that Employee's purported injuries did not arise primarily out of his employment because he was not required to bring a cooler to work, though it

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings, exhibits, and the trial court's order entered after the expedited hearing.

[2] Employee apparently withdrew his petition for benefit determination stemming from the incident on July 2, 2014.

2

acknowledged that its handbook suggested employees consider bringing drinks and snacks to work. Employer also asserted that, based on surveillance video and medical records, Employee was exaggerating his symptoms. Importantly for purposes of this appeal, Employer further argued that Employee's Request for Expedited Hearing should be denied because he failed to file a supporting affidavit as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015).

Following the expedited hearing, the trial court found that Employee failed to prove a hazard associated with his employment in bringing his cooler to work and attempting to put it in his truck. Consequently, Employee's request for medical and temporary disability benefits was denied. In addition, the trial court rejected Employer's contention that Employee's Request for Expedited Hearing should be denied because he failed to submit a supporting affidavit as required by Rule 0800-02-21-.14(1)(a). In finding that a "party is only required to file an affidavit if the moving party intends to rely on the affidavit[] at the Expedited Hearing," the trial court explained that filing an affidavit was unnecessary in this case because Employee testified at the hearing and did not rely on an affidavit.

Employee filed a timely notice of appeal. The record on appeal was submitted to the Appeals Board and a docketing notice was issued to the parties on May 8, 2015.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

    (A) Violate constitutional or statutory provisions;
    (B) Exceed the statutory authority of the workers' compensation judge;
    (C) Do not comply with lawful procedure;
    (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
    (E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A.

The dispositive issue in this appeal is whether a party seeking an expedited hearing must file a supporting affidavit with the Request for Expedited Hearing only when the party intends to rely on the affidavit at the hearing. The controlling regulation, Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a), provides as follows:

> (1) After a case is placed on the docket, if there is a dispute over temporary disability or medical benefits, either party may request an expediting [sic] hearing of the issue of temporary disability or medical benefits by indicating its desire for an expedited hearing on the request for hearing form or by a [sic] filing a separate motion. The indication of the desire for an expedited hearing on the request for hearing form shall serve as the motion for expedited hearing.

> (a) *All* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits.

(Emphasis added.)

Here, Employee filed a Request for Expedited Hearing and requested an in-person evidentiary hearing, but he did not file a supporting affidavit.[3] The trial court found that this failure was of no consequence because Employee testified at the hearing. According to the trial court, a "party is only required to file an affidavit if the moving party intends to rely on the affidavit[] at the Expedited Hearing." On appeal, Employer contends that the trial court should have denied Employee's Request for Expedited Hearing due to his failure to comply with Rule 0800-02-21-.14(1)(a). We agree.

It is well-settled that administrative rules and regulations have the force and effect of law. *Kogan v. Tenn. Bd. of Dentistry*, No. M2003-00291-COA-R3-CV, 2003 Tenn. App. LEXIS 933, at *17 (Tenn. Ct. App. Dec. 30, 2003). As such, courts must give effect to regulatory provisions. *See Spencer v. Towson Moving & Storage, Inc.*, 922 S.W.2d 508, 510 (Tenn. 1996). Further, it is well-established that principles of statutory construction guide courts in the task of interpreting administrative rules and regulations. *See Consumer Advocate & Protection Div. v. Tenn. Regulatory Auth.*, No. M2011-00028-COA-R12-CV, 2012 Tenn. App. LEXIS 355, at *44 (Tenn. Ct. App. May 30, 2012).

---

[3] The Request for Expedited Hearing form filed in the trial court provided that "[p]ursuant to Division Rule 0800-02-21-.14 Requests for Expedited Hearing *must* be accompanied by affidavits and any other evidence demonstrating the employee is entitled to benefits." (Emphasis added.)

4

Accordingly, the search for the meaning of an administrative rule or regulation begins with its words, which must be given their plain and ordinary meaning in light of the context in which they are used. *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013). Courts must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. *Id.* As stated by one court, when the words used "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them." *Pfizer, Inc. v. Johnson*, No. M2004-00041-COA-R3-CV, 2006 Tenn. App. LEXIS 44, at \*7 (Tenn. Ct. App. Jan. 23, 2006).

Guided by these principles, we note that the issue before us, whether Rule 0800-02-21-.14(1)(a) requires a party to file an affidavit in support of a request for expedited hearing only when the party intends to rely on the affidavit at the hearing, is a question of law which we review de novo with no presumption of correctness. *See In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). The answer to this question can be found in the plain language of the regulation, which states that "*[a]ll* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." (Emphasis added.) The word "all" means "all and not some, or a part, or a portion, or a few." *State v. Good Times, Ltd.*, No. E2007-1172-COA-R3-CV, 2008 Tenn. App. LEXIS 551, at \*11 (Tenn. Ct. App. Sept. 23, 2008). The word "must" means "that the requirement is mandatory and not discretionary." *In re Dow Corning Corp.*, No. 00-00001, 2009 U.S. Dist. LEXIS 27179, at \*3 (E.D. Mich. Mar. 31, 2009). Presuming that Rule 0800-02-21-.14(1)(a) "says what it means and means what it says," *In re Kaliyah S.*, 455 S.W.3d at 552, the trial court's decision reads into the regulation an exception that is not there. While an affidavit's usefulness might be diminished or rendered superfluous when the affiant testifies at the hearing, the remedy, if one is necessary, lies in changing the language of the regulation through proper rule making procedures, not in avoiding its clear and unambiguous terms.

Moreover, though Tennessee law favors the resolution of disputes on their merits rather than on mere legal technicalities, *see Hardcastle v. Harris*, 170 S.W.3d 67, 80 (Tenn. Ct. App. 2004), the regulation at issue is no mere technicality. As part of the regulations that govern the procedures for resolving workers' compensation disputes and practice before the Court of Workers' Compensation Claims, Rule 800-02-21-.14(1)(a) is intended to provide for the efficient and expedient resolution of disputed issues. *See* Tenn. Comp. R. & Regs. 0800-02-21-.01 (2015). Complying with the regulation by submitting an affidavit demonstrating the moving party is entitled to benefits encourages litigants to be proactive from the outset in obtaining and organizing evidence supporting the claim. In addition, compliance with the regulation provides notice to other parties of the facts being asserted, thereby affording those parties an opportunity to prepare for the hearing or otherwise respond to the claim as they are expected to do. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (2015). As a result, Rule 0800-02-21-.14(1)(a), if enforced as written, promotes the timely and efficient resolution of disputes.

5

Further, in its analysis of this issue, the trial court relied in part on Rule 5.01 of the Practice and Procedures of the Court of Workers' Compensation Claims, which provides that "*all* motions for expedited hearing *must* be accompanied by affidavits," citing as authority Rule 0800-02-21-.14(1)(a). (Emphasis added.) Similarly, Rule 7.02 of the trial court's Practice and Procedures provides that "*[a]ll* requests for expedited hearing *must* be accompanied by affidavits at the time the request for expedited hearing is filed." (Emphasis added.) Seemingly inconsistent with these rules, however, Rule 5.03 provides that "if the moving party intends to rely upon affidavits," the party must file the affidavits at the time the party files the request for expedited hearing. Although a court can adopt its own rules governing practice and procedure before that court, and accordingly may waive or abolish those rules if it chooses, such rules cannot trump a properly adopted law, such as Rule 0800-02-21-.14(1)(a). *See Brown v. Daly*, 884 S.W.2d 121, 124 (Tenn. Ct. App. 1994); *Killinger v. Perry*, 620 S.W.2d 525 (Tenn. Ct. App. 1981).

In short, Rule 0800-02-21-.14(1)(a) cannot be reasonably construed as applying only to those situations where the party requesting an expedited hearing does not intend to testify at the hearing. Giving the terms "all" and "must" their plain and ordinary meaning, as we must, we are compelled to conclude that the trial court incorrectly determined the filing of an affidavit is unnecessary when the party seeking an expedited hearing testifies at the hearing. Because the trial court's decision is inconsistent with the plain meaning of the language of the regulation, it must be set aside as lacking legal support. *See Patterson v. Prime Package & Label Co.*, No. M2013-01527-WC-R3-WC, 2014 Tenn. LEXIS 1037, at *5 (Tenn. Workers' Comp. Panel Dec. 22, 2014) ("When a statute's language is clear and unambiguous, we will apply its plain meaning and go no further.").

## B.

In a document styled "Affidavit" signed by Employee on April 23, 2015, which we treat as Employee's position statement on appeal,[4] Employee argues that the trial court's denial of benefits should be reversed due to the "manipulation or misinterpretation of [his] testimony." According to Employee, the trial court incorrectly recounted in its order what he testified to at the expedited hearing.

---

[4] Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision. Thus, we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.

In light of our conclusion that the Request for Expedited Hearing filed by Employee should have been denied, this issue is pretermitted. Even if it were appropriate to address the merits of the issue, no record of any testimony taken during the expedited hearing has been filed as part of the record on appeal. Thus, to the extent that resolution of the issues raised by Employee depends on factual determinations, the lack of a transcript or statement of the evidence would prove fatal to his claims of error. *See Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *6 (Tenn. Ct. App. Sept. 30, 2014).

## Conclusion

For the foregoing reasons, we hold that the trial court erred in granting Employee's Request for Expedited Hearing. Accordingly, the trial court's decision is vacated.[5] The case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

---

[5] Our decision should in no way be interpreted to mean that Employee is or is not entitled to the benefits he seeks.