IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 2, 2020

**JASON A. BROCK v. FED LOAN SERVICING**

**Appeal from the Chancery Court for Davidson County**
**No. 19-88-IV     Russell T. Perkins, Chancellor**

————————————————————

**No. M2019-00722-COA-R3-CV**

————————————————————

The trial court dismissed the complaint filed by the pro se appellant for failure to state a claim and denied his motion to vacate the dismissal.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Jason A. Brock, Nashville, Tennessee, Pro Se.

Alexander B. Morrison, Brentwood, Tennessee, for the appellee, Fed Loan Servicing.

**MEMORANDUM OPINION**[1]

**I.   FACTS & PROCEDURAL HISTORY**

Jason Brock filed a *pro se* complaint against Fed Loan Servicing in the chancery court for Davidson County.  The complaint was very brief and consisted of only two pages.  Brock described his claim as one "for violation of the Tennessee Uniform

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Electronic Transactions Act, T.C.A. § 47-10-101."[2]  Brock asserted that he was "denied loan discharge for reason of not being in repayment for 10-years."  According to his complaint, Fed Loan Servicing informed him that he could not receive credit for payments made prior to the consolidation of his loans.  He alleged that Fed Loan Servicing "forfeited payments towards loan discharge on basis of false certification within a promissory note containing an unauthorized signature."  Brock claimed that the "unauthorized signature" was "not valid" and "not in accordance with the Tennessee Uniform Electronic Transactions Act, T.C.A. § 47-10-101" and "neither is it that of the plaintiff."  Brock sought to recover compensatory and punitive damages.[3]

Pennsylvania Higher Education Assistance Agency, Inc. d/b/a Fed Loan Servicing ("Defendant") filed a motion to dismiss for failure to state a claim pursuant to Tennessee Rule of Civil Procedure 12.02(6).  Defendant acknowledged the reference in the complaint to the Tennessee Uniform Electronic Transactions Act, Tenn. Code Ann. § 47-10-101.  However, Defendant argued that Brock failed to assert any cause of action pursuant to the Act, other statutes, or the common law.  Thus, Defendant argued that the complaint did not allege "any causes of action or facts that would support a statutory or common law claim."  Defendant's motion concluded with a section entitled, "**NOTICE OF HEARING**," which stated, in bold font, that a hearing on the motion to dismiss would be held on March 22, 2019, at 9:00 a.m.

On March 1, Brock filed a reply in response to the motion to dismiss.  However, he did not attend the hearing on the motion on March 22.  We do not have a transcript of the hearing, but according to the trial court's written order, "the Court heard oral argument in his absence."  The seven-page written order analyzes the merits of the motion to dismiss for failure to state a claim.  The trial court found that although the complaint asserted a violation of the Uniform Electronic Transactions Act, it did not allege any cause of action under the Act, any other statute, or the common law.  The trial court found that the Act specifically authorizes electronic signatures on documents and requires that they be given the same weight and legal enforceability as an "ink" signature.  As such, the court found no legal support for Mr. Brock's allegations that his signature

---

[2] Tennessee Code Annotated section 47-10-101 simply provides, "This chapter may be cited as the 'Uniform Electronic Transactions Act.'"

[3] From the documents attached to Brock's complaint, we can discern that his complaint is referencing student loans and his application for loan forgiveness under the Temporary Expanded Public Service Loan Forgiveness program.  According to those documents, he was notified that he was ineligible for loan forgiveness because he had not been in repayment status on his current loan for ten years.  Specifically, Fed Loan Servicing informed Brock that because he consolidated his loans in 2014, he could not receive credit for payments made prior to that date.  Brock apparently disputes that he consolidated his loans in 2014, as he claims that the promissory note for the 2014 consolidation loan contains an "unauthorized signature" that is "not in accordance with the Tennessee Uniform Electronic Transactions Act, T.C.A. § 47-10-101."  The promissory note he attached to the complaint has all of his personal information entered in electronic form, including his typed name in the space provided for the "Borrower's Signature."

was not valid or that it was unauthorized merely because the document was signed electronically. Additionally, the trial court found that no private right of action exists under the Act and that it does not provide for compensatory, punitive, or any other type of damages. Furthermore, the trial court found that Defendant was not a party to any potential contract with Brock and had no involvement in consolidation of the loan. Defendant was only the current servicing agent for the loan, with the loan being provided through the United States Department of Education. Finally, the trial court found that to the extent Brock was asserting a claim to forgiveness under the Public Service Loan Forgiveness Program, he had not alleged that he followed the necessary administrative procedures with the Department of Education.

The trial court cited Tennessee Rule of Civil Procedure 8.01, which requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. In addition, the trial court quoted Rule 8.05, which provides that every pleading stating a claim relying on the violation of a statute shall "either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged." Tenn. R. Civ. P. 8.05(1). The trial court explained that when a complaint fails to comply with Rule 8.05, it is subject to dismissal pursuant to Rule 12.02(6). The trial court concluded that Brock's complaint simply did not contain sufficient factual allegations to articulate a claim for relief. Therefore, it granted the motion to dismiss filed by Defendant. The trial court's written order was entered on March 25, 2019.

On April 5, 2019, Brock filed a motion to vacate the final order. He claimed that he did not receive notice that the trial court had granted "a motion for hearing." Brock argued that the trial court clerk had a duty to mail notice to him with the date, time, room number, floor level, judge's name, and any other specifics regarding "the granting of hearing." Brock insisted that the "**NOTICE OF HEARING**" section of the motion to dismiss "wasn't enough" to provide him with notice of the hearing date because defense counsel mailed him a copy of the motion that was not stamped by the court clerk. For these reasons, Brock asked the trial court to vacate its final order and permit him to participate in oral argument.

Defendant filed a response, noting that Brock had already filed a written response to the motion to dismiss and that the trial court considered the merits of the issues in detail in its seven-page written order. Defendant argued that Brock's motion to vacate was unsupported by the Rules of Civil Procedure and local rules. Brock filed an additional response and then filed a notice of appeal before the motion to vacate was adjudicated. This Court entered a show cause order explaining that the motion to vacate had to be resolved before the appeal could proceed. After an additional hearing, the trial court entered an order denying the motion to vacate on September 23, 2019.

- 3 -

## II. DISCUSSION

Brock's *pro se* brief on appeal does not contain a "statement of the issues presented for review." *See* Tenn. R. App. P. 27(a)(4). Instead, the table of contents and the argument section of his brief contain two headings stating: "POINT I COUNSEL FOR APPELLEE CERTIFICATION OF SERVICE" and "POINT II CHANCERY COURT FINDINGS AND CONCLUSIONS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE AND FINAL ORDER SHOULD BE VACATED."

"Appellants must include in their brief 'a statement of the issues they desire to present to the court *and* an argument with respect to each of the issues presented.'" *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 613-14 (Tenn. Ct. App. 2015) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 334-35 (Tenn. 2012)) (emphasis added). "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge*, 382 S.W.3d at 335. A statement of the issues presented for review is "an integral portion of an appellate brief as issues that are not properly designated are generally waived even when argued in the body of the brief." *Augustin v. Bradley Cty. Sheriff's Office*, No. E2018-00281-COA-R3-CV, 2019 WL 4862240, at *4 (Tenn. Ct. App. Oct. 2, 2019); *see, e.g.*, *Mid-S. Maint. Inc. v. Paychex Inc.*, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *11 (Tenn. Ct. App. Aug. 14, 2015) (deeming issues waived where the brief did not contain a statement of the issues section but the contention was presented within the argument section of the brief); *Forbess v. Forbess*, 370 S.W.3d 347, 358 (Tenn. Ct. App. 2011) (deeming issues waived where the brief contained no statement of the issues section and rejecting the argument that the "inclusion of headings within [the] table of contents" was sufficient to present issues on appeal).

This Court has emphasized the importance of a statement of the issues:

> The most glaring deficiency in the [Appellant's] appellate brief is the complete omission of any statement of issues presented for review. The requirement of a statement of the issues raised on appeal is no mere technicality. First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response. Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13.

*Quaites v. Univ. of Tennessee Coll. of Pharmacy*, No. M2011-00923-COA-R3-CV, 2012 WL 172893, at *7 (Tenn. Ct. App. Jan. 19, 2012) (quoting *Owen v. Long Tire, L.L.C.*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014 (Tenn. Ct. App. Dec. 22, 2011)).

We also note the minimal substantive argument presented by Brock on appeal. The "POINT I" section of Brock's brief consists of a single sentence. The "POINT II" section cites to three specific sections of the Uniform Electronic Transactions Act that were not identified in Brock's complaint. His brief does not contain any citations to the appellate record. "It must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018). Brock's brief on appeal comes dangerously close to waiving argument on any issues. Pro se litigants are "entitled to fair and equal treatment by the courts," but at the same time, courts "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Gibson v. Bikas*, 556 S.W.3d 796, 803 (Tenn. Ct. App. 2018) (quotations omitted). They cannot "'shift the burden of litigating their case to the courts.'" *Id.* (quoting *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009)).

We have considered the minimal substantive arguments raised by Brock in his brief and conclude that they do not entitle him to relief on appeal. Regarding the dismissal of his complaint, Brock simply cites to three specific sections of the Uniform Electronic Transactions Act and describes how the electronic signature on his promissory note allegedly fails to comply with those statutes. However, those three statutes were not identified in his complaint. His complaint simply alleged a "violation of the Tennessee Uniform Electronic Transactions Act, T.C.A. § 47-10-101." Section 47-10-101 states, "This chapter may be cited as the 'Uniform Electronic Transactions Act.'" The chapter consisting of the Act spans sections -101 to -123 and -201 to -202. Yet, the complaint merely alleged an unspecified "violation" of the Act.

"The Rules of Civil Procedure require parties to plead with specificity when asserting claims based on statutory violations[.]" *Glanton v. Bob Parks Realty*, No. M2003-01144-COA-R3-CV, 2005 WL 1021559, at *6 (Tenn. Ct. App. Apr. 27, 2005). Tennessee Rule of Civil Procedure 8.05 "sets the standard for stating a claim or defense relying upon the violation of a statute." *Holland v. Sullivan*, No. M2016-00538-COA-R3-CV, 2017 WL 3917142, at *5 (Tenn. Ct. App. Sept. 7, 2017). It "imposes a specificity requirement on a party alleging a statutory violation." *Whalum v. Shelby Cty. Election Comm'n*, No. W2013-02076-COA-R3-CV, 2014 WL 4919601, at *17 (Tenn. Ct. App. Sept. 30, 2014). Rule 8.05(1) states, in pertinent part,

> Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged.

Tenn. R. Civ. P. 8.05(1). "When a complaint fails to comply with Rule 8, it is subject to dismissal by grant of a motion to dismiss for failure to state a claim upon which relief can be granted, as provided by Tennessee Rule of Civil Procedure 12.02(6)." *Webb v.*

*Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 425-26 (Tenn. 2011).

The trial court found that Brock's complaint failed to satisfy the requirements of Rule 8.05, and we agree. It is not the duty of the court or defense counsel to "'rewrite [a] plaintiff['s] complaint so that it complies with Rule 8[.]'" *Millen v. Shelby Cty. Dist. Attorney Office*, No. W2011-00303-COA-R3-CV, 2011 WL 3246000, at *7 (Tenn. Ct. App. July 29, 2011) (quoting *Collier v. Federal Land Bank of Louisville*, No. 87-150-II, 1987 WL 18379, at *4 (Tenn. Ct. App. Oct. 14, 1987)). Brock's complaint failed to "specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged." *See* Tenn. R. Civ. P. 8.05(1).

We considered a similarly vague allegation in *Cobb v. State*, No. M2014-01755-COA-R3-CV, 2017 WL 1404341, at *5 (Tenn. Ct. App. Apr. 17, 2017), where a complaint generally alleged that the defendants' conduct violated "the Tennessee Human Rights Act 4-21-101 et seq." We held that this "general reference to the Tennessee Human Rights Act ('THRA') [was] insufficient to articulate a claim for retaliation." *Id.* Because the THRA prohibited "a broad range of actions," the plaintiff "was required either to cite the specific statutory provision violated or allege sufficient facts to put the defendants and the court on notice that her claims included a claim for retaliation." *Id.* (citing Tenn. R. Civ. P. 8.05(1)).

The second "point" argued by Brock mentions the "certification of service" of Defendants' counsel. His one-sentence argument references Tennessee Rule of Civil Procedure 5.01 and various sections of the Davidson County Chancery Court Local Rules. Rule 5.01 does not support his argument on appeal, as it requires motions to "be served upon each of the parties," and Brock admits that he was served by mail with a copy of the motion. Tenn. R. Civ. P. 5.01. As for the local rules, the trial court found that Defendant "substantially" complied with the local rules and that Brock had actual knowledge of the hearing date. The trial court found that it had discretion to proceed with adjudication of the motion when Brock failed to appear at the hearing, as Local Rule 26.08 provided, "If any party does not appear at a scheduled hearing on a motion or any other matter scheduled to be heard on the motion docket, the court may strike or adjudicate the motion."

Brock appears to challenge the trial court's conclusion that counsel substantially complied with the local rules. However, a trial court may waive requirements of local rules, and its decision to do so "will not be reversed 'absent the clearest showing of an abuse of discretion and that such waiver was the clear cause of a miscarriage of justice.'" *Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *8 (Tenn. Ct. App. Sept. 22, 2015) (quoting *Killinger v. Perry*, 620 S.W.2d 525, 525 (Tenn. Ct. App. 1981)). We discern no abuse of discretion in this case.

### III. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is affirmed and remanded. Costs of this appeal are taxed to the appellant, Jason A. Brock, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE