IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2022

**SHERYL HAYNES v. TERRY HAYNES**

**Appeal from the Chancery Court for Gibson County**
**No. H6264      George R. Ellis, Chancellor**

_____

**No. W2021-01004-COA-R3-CV**

_____

A husband appeals a final decree of divorce in which the trial court classified the marital residence as marital property and awarded the wife alimony in futuro. Because the husband failed to file either a transcript or statement of the evidence, we conclusively presume that the record would have supported the trial court's decision, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

Harold Ross Gunn, Humboldt, Tennessee, for the appellant, Terry Haynes.

Andrea D. Sipes, Jackson, Tennessee, for the appellee, Sheryl Haynes.

**MEMORANDUM OPINION**[1]

FACTUAL AND PROCEDURAL BACKGROUND

This case involves the dissolution of the 19-year-marriage of Sheryl Haynes ("Wife") and Terry Haynes ("Husband"). Because the record contains no transcript of

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

evidence or statement of the evidence, the facts recounted herein are taken from the pleadings, exhibits, and orders provided in the technical record.

On April 30, 2019, Wife filed a complaint for divorce alleging the grounds of irreconcilable differences and inappropriate marital conduct. The trial court heard Wife's complaint on September 3, 2020, and entered a final decree of divorce on April 9, 2021, granting Wife an absolute divorce, classifying the parties' property, and dividing the marital estate. The only item of property relevant to this appeal is the marital residence. Although Husband purchased the property prior to the marriage, the court classified the residence as marital property and ordered the property be sold; any proceeds remaining after paying off the mortgage and paying $10,018 for Wife's attorney fees were to be equally divided between the parties. The court classified the residence as marital property because it concluded that the property "ha[d] undergone transmutation" based on the following factual findings: (1) "the property was refinanced in 2003 and Wife's name was added to the mortgage on the property", and (2) "Wife made substantial contributions to the household and to the home itself by paying for upgrades and renovations."

After dividing the marital estate, the court considered the alimony factors enumerated in Tenn. Code Ann. § 36-5-121(i) and awarded Wife alimony in futuro in the amount of $300 per week based on the following findings of fact:

a. The Wife is a disabled individual.
b. This marriage is a long-term marriage being 19 years at the time of trial.
c. The Wife is 63 years of age and the Husband is 65 years of age.
d. The Husband is capable of working and earning an income sufficient to maintain his marital standard of living while paying support to Wife.
e. The Wife is incapable of maintaining her marital standard of living without support from the Husband.
f. The Husband has the financial ability to provide spousal support to Wife.
g. The Wife is in need of spousal support.
h. The Husband has willfully failed to comply with previous orders of this Honorable Court.
i. That the Wife cannot be rehabilitated given her age and disability.
j. That Husband is not a credible witness and the Court gives greater weight to the testimony of Wife as the Court finds her to be credible.
k. The Wife lives with a third party that is a platonic friend of Wife.
l. The Wife is forced to have a roommate due to Husband's failure to pay his alimony *pendente lite* as previously ordered by the Court.

m.       The third party living with Wife is not contributing to Wife's support nor is the Wife contributing to the support of the third party.[2]

n.       The Wife's monthly income is One Thousand One Hundred Fourteen Dollars ($1,114.00) paid by Social Security and she has no other income.

o.       The Husband is employed . . . making an approximate gross [monthly] income of Three Thousand Four Hundred Sixty-Six Dollars ($3,466.00).

p.       The Husband has the means and ability to pay spousal support.

Because Wife's attorney drafted the final decree rather than the trial court doing so, Husband filed a motion requesting that the trial court issue its own findings of fact and conclusions of law so as to satisfy the requirement that the final decree reflect the trial court's independent judgment. In the motion, Husband also asserted that the case should be dismissed pursuant to Local Rule 17(A) because Wife's attorney failed to file the final decree within fourteen days of the hearing on Wife's divorce complaint. The trial court denied Husband's motion, and Husband's attorney prepared an order reflecting the court's ruling.   The order included the following statement:

> [T]he Findings of Fact and Conclusion[s] of Law as set forth in [the final decree prepared by Wife] are adopted by the Court even though TRCP Rule 52.02 states that the Court shall set forth its Findings of Fact[] and Conclusion[s] of Law and not just accept the Attorney's findings of Facts and Conclusions of Law . . . .

The court entered the order on August 13, 2021, and Husband filed his notice of appeal approximately two weeks later.[3]

---

[2] In paragraph 11 of the final decree, the court expressly found that "Wife has rebutted the presumption in Tennessee Code Annotated § 36-5-121(f)(2)(B) regarding third party contribution and is entitled to an award of alimony *in futuro*."

[3] Two days after Husband filed the notice of appeal, the trial court entered another order regarding the court's denial of Husband's motion for findings of fact and conclusions of law and its denial of his motion for dismissal of the case pursuant to Local Rule 17(A). Wife's attorney prepared this order, and it did not "affect[] the 'legal rights and obligations'" that were "'plainly and properly settled with finality'" in the August 13, 2021 order. *Ball v. McDowell*, 288 S.W.3d 833, 837 (Tenn. 2009) (quoting *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952)). Therefore, we consider the August 13, 2021 order to be the final judgment in this case. *See id.*

On appeal, Husband presents several issues[4] for our review that we consolidate and restate as follows: (1) whether the trial court erred in not dismissing the case pursuant to Local Rule 17(A), (2) whether the final decree should be vacated because it did not reflect the trial court's independent judgment, (3) whether the trial court abused its discretion in classifying the parties' residence as marital property, and (4) whether the trial court erred in awarding Wife alimony in futuro.

STANDARD OF REVIEW

Husband's appellate brief focuses primarily on the trial court's classification of the parties' residence as marital property and its award of alimony in futuro to Wife. In each of these areas, a trial court's decision is fact-dependent and involves consideration of many factors. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011); *Kinard v. Kinard*, 986 S.W.2d 220, 230 (Tenn. Ct. App. 1998). Thus, a trial court is "vested with a great deal of discretion," *Eldridge v. Eldridge*, 137 S.W.3d 1, 12 (Tenn. Ct. App. 2002), when making these decisions, and "[a]ppellate courts decline to second-guess a trial court's decision absent an abuse of discretion." *Gonsewski*, 350 S.W.3d at 105. A court abuses its discretion when it "causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Id.* (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)).

Because the trial court decided this matter without a jury, we review the trial court's findings of fact de novo with a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *5 (Tenn. Ct. App. June 26, 2012). We review

---

[4] The specific issues identified by Husband are as follows:

Issue One: Are local rules set forth by the Chancellor that state something <u>shall</u> occur and then set aside by that Chancellor allowed?
Issue Two: Tennessee Rules of Civil Procedure Rule 58 sets forth how an[] Order can be entered, therefore, can the entry of an Order be changed by a Plaintiff's attorney?
Issue Three: Does a residence in the Defendant's name only become marital property by undergoing "transmutation"?
Issue Four: Is the ability to pay alimony based on conjecture?
Issue Five: The Plaintiff purchased property with her live-in friend in Alabama but the statement by Plaintiff is he is only a platonic friend, does this violate the statute?
Issue Six: Does Tennessee Rules of Civil Procedure Rule 52.02 a rule the Trial Judge can ignore or should he state the Findings of Fact[] and Conclusions of Law as to these facts?
Issue Seven: Does Tennessee Code Annotated Section 36-5-121(f)(2)(B) place the burden to rebut the presumption other than by stating it is my platonic friend?
Issue Eight: Does the purchase of a house in another state show that the person who purchased the house with Plaintiff is more than a friend?

a trial court's conclusions of law de novo without a presumption of correctness. *Chandler*, 2012 WL 2393698, at \*5.

ANALYSIS

I. Local Rule 17(A).

We begin with Husband's argument that the case should have been dismissed pursuant to Local Rule 17(A) for the Chancery Court of the Twenty-Eighth Judicial District, which provides as follows:

> Unless the Court directs otherwise, attorneys for prevailing parties will prepare orders for entry by the Court. All orders must be received by the Clerk and Master within fourteen days on which the ruling is made by the Court, in compliance with Rule 58 of the Tennessee Rules of Civil Procedure. If the order is not filed within the time limit, an <u>Order Dismissing the Case for Failure To Prosecute</u> shall be entered.

www.tncourts.gov/sites/default/files/docs/district_28_rules_of_chancery_court_-_revised_2021mar10.pdf (last visited May 12, 2022). Due to Wife's attorney's failure to file the final decree within fourteen days of the trial court issuing its ruling, Husband contends that Local Rule 17(A) mandated that the court dismiss the case for failure to prosecute. We must respectfully disagree.

A court has inherent power "to make, enforce, and relax rules of practice; a rule is an instrument of the court used to expedite the business of the court." *Osgood Co. v. Bland*, 141 S.W.2d 505, 506 (Tenn. Ct. App. 1940). Due to this inherent power, we have held that a trial court "'is not restricted in the administration of its rules in the absence of a clear abuse of discretion on the part of the court to the injury of a party,'" and "'[t]his Court will not reverse a Trial Judge for waiving a local rule absent the clearest showing of an abuse of discretion and that such waiver was the clear cause of a miscarriage of justice.'" *Craven v. Dunlap*, No. 02A01-9202-CH-00027, 1993 WL 137584, at \*3 (Tenn. Ct. App. May 3, 1993) (quoting *Osgood*, 141 S.W.2d at 506; *Killinger v. Perry*, 620 S.W.2d 525, 525 (Tenn. Ct. App. 1981)). Thus, for Husband to succeed on this issue, he has the burden of showing that the trial court's waiver of Local Rule 17(A) constituted an abuse of discretion that caused a miscarriage of justice or other injury to him. Husband points to nothing in the record that would show either that the trial court abused its discretion by waiving Local Rule 17(A) or that the waiver caused a miscarriage of justice or any other injury. Indeed, he makes no assertion whatsoever that he suffered any injustice from the trial court's waiver of Local Rule 17(A), and we find nothing in the record showing any injustice occurred. Because Husband failed to carry his burden, we conclude that the trial court did not abuse its discretion in waiving Local Rule 17(A) to permit Wife to file the final decree later than fourteen days after the court issued its ruling.

II. Property classification and alimony.

For reasons that will be discussed, we are unable to analyze the merits of the property classification and alimony issues raised by Husband.  The standard of review applicable to these issues limits us to considering "those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14."[5]  TENN. R. APP. P. 13(c).  Therefore, when reviewing a trial court's decision under this standard of review, it is of the utmost importance that we be provided with either a transcript of the proceedings in the trial court or a statement of the evidence that complies with Tenn. R. App. P. 24.[6]  The appellant bears the burden of providing this Court with a transcript or statement of the evidence from which we can determine if the evidence preponderates against the trial court's factual findings. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992); *see also Greer v. Cobble*, No. E2015-01378-COA-R3-CV, 2016 WL 2898001, at *4 (Tenn. Ct. App. May 11, 2016).  Husband has failed to carry this burden.  Accordingly, we do not have a fair, accurate, and complete account of what transpired with respect to the issues he raises, leaving us no way to evaluate his assertion that the evidence contradicted the trial court's findings.  *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 WL 177902, at *3 (Tenn. Ct. App. Jan. 25, 2007) ("Without a transcript of statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision.").  "In the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley*, 840 S.W.2d at 370.  That is to say, "'we must conclusively presume that every fact admissible under the

---

[5] Rule 14 applies to post-judgment facts, and "[c]onsideration of such facts lies in the discretion of the appellate court."  TENN. R. APP. P. 14(a).  The rule states that "[w]hile neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." *Id.*  None of Husband's allegations constitute post-judgment facts.

[6] Tennessee Rule of Appellate Procedure 24(c) provides, in pertinent part:

If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, or if the trial court determines, in its discretion, that the cost to obtain the stenographic report in a civil case is beyond the financial means of the appellant or that the cost is more expensive than the matters at issue on appeal justify, and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.  The statement, certified by appellant . . . shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

pleadings was found or should have been found in favor of the Appellee.'" *Chandler*, 2012 WL 2393698, at \*9 (quoting *Britt*, 2007 WL 177902, at \*3).

Despite the absence of a transcript or statement of the evidence, Husband contends that we should not affirm the trial court's decision because the findings of fact were not the product of the trial court's independent judgment, but rather, the verbatim adoption of the proposed findings prepared by Wife's attorney. It is true that "[a] trial court speaks through its written orders, . . . and the judgment entered by the trial court must be the independent judgment of the trial court." *Cunningham v. Eastman Credit Union*, No. E2019-00987-COA-R3-CV, 2020 WL 2764412, at \*3 (Tenn. Ct. App. May 27, 2020) (citing *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015); *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014)); *see also* TENN. R. CIV. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). As our Supreme Court explained,

> The essential purposes of courts and judges are to afford litigants a public forum to air their disputes and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. Because making these decisions is a "high judicial function," a court's decisions must be, and must appear to be, the result of the exercise of the trial court's own judgment.

*Smith*, 439 S.W.3d at 312 (citations omitted).

Although the practice is not recommended, trial courts may "receiv[e] and us[e] party-prepared findings of fact, conclusions of law, and orders [if] two conditions are satisfied." *Id.* at 315-16. Those conditions are: (1) "the findings and conclusions must accurately reflect the decision of the trial court," and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.* at 316 (citing *Aiken Cty. v. BSP Div. of Envirotech Corp.*, 866 F.2d 661, 677 (4th Cir. 1989); *Clady v. Cty. of Los Angeles*, 770 F.2d 1421, 1427 (9th Cir. 1985); *Madden Phillips Constr., Inc. v. GGAT Dev. Corp.*, 315 S.W.3d 800, 809-11 (Tenn. Ct. App. 2009); *Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 253-54 (Tenn. Ct. App. 1990)). "[R]eviewing courts have declined to accept findings, conclusions, or orders when the record provides no insight into the trial court's decision-making process or when the record 'casts doubt' on whether the trial court 'conducted its own independent review, or that the opinion is the product of its own judgment.'" *Id.* (quoting *Bright v. Westmoreland Cty.*, 380 F.3d 729, 732 (3rd Cir. 2004)); *see also Cunningham*, 2020 WL 2764412, at \*4.

When determining whether a trial court exercised its independent judgment, "'we compare the trial court's oral ruling with its written order.'" *Deberry v. Cumberland Elec.*

*Membership Corp.*, No. M2017-02399-COA-R3-CV, 2018 WL 4961527, at \*2 (Tenn. Ct. App. Oct. 15, 2018) (quoting *SecurAmerica Bus. Credit v. Southland Transp. Co.*, No. W2016-02505-COA-R3-CV, 2018 WL 1100958, at \*6 (Tenn. Ct. App. Feb. 27, 2018)). Because the limited record before us contains no transcript or statement of the evidence, we are unable to determine whether the trial court even made an oral ruling, much less compare such a ruling with the written final decree.[7] In other words, we have not been presented with an adequate record from which we may determine whether the final decree accurately reflected the trial court's decision. We therefore must conclusively presume that, if Husband had submitted an adequate record, it would have contained sufficient evidence to establish that the final decree accurately reflected the trial court's decision and that it did not cast doubt that the final decree represented the trial court's own deliberations. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) ("[W]e must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). We must therefore affirm the trial court's decision classifying the parties' residence as marital property and awarding alimony in futuro to Wife in the amount of $300 per week.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Terry Haynes, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE

---

[7] The lack of an adequate record is the important factor here. In other cases where an appellate court concluded that an order did not reflect the trial court's independent judgment, the appellate court made that decision after reviewing a complete record. *See Smith*, 439 S.W.3d at 317-18; *Cunningham*, 2020 WL 2764412, at \*4-5; *Deberry*, 2018 WL 4961527, at \*2.